IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-296-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| REGINALD DWAYNE GRANT, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of detective with the Wilson Police Department. Defendant presented the testimony of the proposed third-party custodian, his wife. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a two-count indictment on 29 December 2014 with distribution of a quantity of cocaine base (*i.e.*, crack) on 12 April 2013 (ct. 1) and 13 April 2013 (ct. 2) in violation of 21 U.S.C. § 841(a)(1). The evidence presented at the hearing showed that the charges arise from two audio- and video-recorded controlled purchases of crack from defendant by a confidential informant, one on each of the alleged offense dates. In each transaction, the amount paid was $20. The transactions occurred at a residence other than defendant's home

known by law enforcement for drug consumption and drug trafficking. At the time of both transactions, defendant was on supervised release in this district pursuant to his convictions on 21 May 2007 for possession with intent to distribute cocaine and possession of a firearm by a convicted felon. *See* No. 5:06-CR-100-1FL (E.D.N.C.) ("2006 case").[1] His supervised release began after about four and a half years of imprisonment on 23 November 2011.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offenses charged; the circumstances of the offenses charged, including their alleged commission while defendant was on supervised release for the 2007 drug convictions; credible information from a confidential informant that defendant had sold him up to 28 grams of crack a week during the last 6 months of 2013, when he was also on supervised release for the 2007 drug and gun convictions; defendant's criminal record, including the two felony convictions noted, an additional state drug felony, six misdemeanor convictions (two for drug and two for gun offenses), and commission of one offense while on probation; the danger of continued drug-related offense conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the regular absence of the proposed custodian from the home for fulltime work (coupled with the difficulty

---

[1] The government filed a motion (D.E. 164) to revoke defendant's supervised release in the 2006 case. The hearing on the government's motion to detain defendant pending his revocation hearing was consolidated with the hearing on the motion for detention in the instant case. The court allowed the motion for detention in the 2006 case. (*See* 2006 Case D.E. 174).

of effectively supervising defendant while during the workday due to his having to travel from place to place to perform his duties as a power washer for a large construction contractor), the presence of the proposed custodial home in the same community in which defendant engaged in the alleged drug trafficking, and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. While defendant pointed to his job and stable home life, he enjoyed both in April 2013, and they did not deter him from the alleged drug trafficking. Nor, of course, did his being on supervised release. Although defendant argued that the delay in his prosecution signified the determination by the government that he was not dangerous, government's counsel suggested instead that the delay resulted from the pendency of other investigative activity that authorities did not want to compromise. Defendant failed to demonstrate convincingly that the delay did reflect a determination by the government that he was not dangerous.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 14th day of January 2015.

                                                _____
James E. Gates
United States Magistrate Judge