IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-296-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| REGINALD DWAYNE GRANT, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for recommendation concerning length of residential re-entry center ("RRC"), halfway house, or home confinement placement time (DE 59). The government has responded in opposition. In this posture, the issues raised are ripe for decision. For the following reasons, the motion is denied.

**BACKGROUND**

Defendant pleaded guilty on June 16, 2015, to two counts of distribution of a quantity of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Prior to sentencing, the probation office published a presentence investigation report (PSR) that noted that defendant committed the instant offense while under supervised release for a prior conviction in 5:06-CR-100-FL, which was for possession with intent to distribute 5 grams or more of cocaine base. The court imposed a sentence of 46 months on the instant offense, with that sentence running consecutively to an 18 month sentence imposed in connection with violation of supervised release. The court made the following recommendations to the Bureau of Prisons ("BOP") in its judgment:

> The court recommends that the defendant receive intensive substance abuse treatment. The court recommends defendant receive a mental health assessment and

> mental health treatment while incarcerated. The court recommends that he serve his term in FCI Butner, NC.

(DE 41 at 2). Defendant appealed. Defendant also moved pro se for reconsideration of his sentence on December 11, 2015, which motion the court denied on January 5, 2016. The court of appeals affirmed defendant's conviction on July 29, 2016. Defendant filed the instant motion on March 2, 2017, asking for a judicial recommendation to the BOP that he should be afforded the maximum placement time of 12 months in a RRC or halfway house. The court directed the government to respond, and the government responded on May 22, 2017.

## COURT'S DISCUSSION

In designating placement of a federal inmate, the BOP must consider, among other factors, "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4). "Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person." Id. § 3621(b).

In this case, this court in its judgment, already made recommendations to the BOP regarding defendant's prison placement. The court recommended that defendant serve his term in FCI Butner, NC. (DE 41 at 2). The court made no recommendation regarding RRC or halfway house placement. As such, the court construes defendant's motion as a motion to amend the judgment, or, in the alternative, for a supplemental recommendation by the court made outside of the judgment concerning RRC or halfway house placement.

First, with respect to amending the judgment, the court has no authority or basis to do so upon the circumstances presented. "The court may not modify a term of imprisonment once it has

2

been imposed." 18 U.S.C. § 3582(c). This rule is subject to limited exceptions, upon motion of the BOP, upon lowering of the sentencing range by the Sentencing Commission, or if expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure. None of the circumstances applies here. Therefor the motion to amend judgment is denied.

Second, with respect to defendant's motion for a supplemental recommendation by the court made outside of the judgment concerning halfway house placement, the court declines in its discretion to make such a recommendation. The court carefully considered, at time of sentencing, multiple factors bearing upon defendant's incarceration. Notably, the court and the parties discussed defendant's prior incarceration for 5:06-CR-100-FL, the lack of halfway house placement during his prior term of incarceration, and defendant's conduct on supervised release for that offense. The court expressly noted potential benefit of a six-month placement in a halfway house, (see Sent. Tr. (DE 54) at 5), and the court, the parties, and the probation officer, discussed at length multiple other factors bearing on defendant's term of imprisonment and placement, including his work and family history. (See id. at 1-18). The court did not, however, include halfway house placement in its recommendations to the BOP in the judgment. In light of multiple factors bearing upon the sentencing determination, the court did not at sentencing and does not now find express recommendation to the BOP regarding length of halfway house or RCC placement to be warranted.

The court, however, commends defendant for his record of achievement while in custody, as reflected in the certificates and profiles attached to his motion. These include a Career and Technical Certificate, awarded September 22, 2016; two TPC Training Systems Certificate of Completion, awarded January 28, 2016 and February 18, 2016; and positive inmate profile detail dated June 21, 2016. The court also notes the government's statement that, on May 12, 2017,

3

defendant's unit team at FCI Beckley was contacted, and confirmed that defendant's case manager will be recommending a six-month RCC placement. (DE 61 at 2). Defendant's reported performance while incarcerated and BOP representations regarding RCC placement are consistent with the court's expectations at time of sentencing.

## CONCLUSION

Based on the foregoing, defendant's motion for recommendation concerning length of residential re-entry center ("RRC"), halfway house, or home confinement placement time (DE 59) is DENIED.

SO ORDERED, this the 28th day of June, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge